## Office of Disciplinary Counsel v. Bargeron

Disciplinary Board Docket no. 130 D.B. 2005.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

GEPHART, *Member,* September 14, 2005—

## RECOMMENDATION OF THREE-MEMBER PANEL OF THE DISCIPLINARY BOARD OF THE SUPREME COURT OF PENNSYLVANIA

The three-member panel of the Disciplinary Board of the Supreme Court of Pennsylvania, consisting of Board Members Smith Barton Gephart, Marvin J. Rudnitsky and William A. Pietragallo, has reviewed the joint petition in support of discipline on consent filed in the above-captioned matter on August 26, 2005.

The panel approves the joint petition consenting to a three-year suspension and recommends to the Supreme Court of Pennsylvania that the attached petition be granted.

The panel further recommends that any necessary expenses incurred in the investigation and prosecution of this matter shall be paid by the respondent-attorney as a condition to the grant of the petition.

---

## JOINT PETITION IN SUPPORT OF DISCIPLINE ON CONSENT PURSUANT TO Pa.R.D.E. 215(e)

Petitioner, the Office of Disciplinary Counsel by Paul J. Killion, Chief Disciplinary Counsel, and Harold E. Ciampoli Jr., Disciplinary Counsel and respondent, David Louis Bargeron, respectfully petition the Disciplinary Board in support of discipline on consent, pursuant to

Pennsylvania Rule of Disciplinary Enforcement 215(d), and in support thereof state:

(1) ODC, whose principal office is situated at Suite 1400, 200 North Third Street, Harrisburg, Pennsylvania, is invested, pursuant to Pa.R.D.E. 207, with the power and duty to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of the aforesaid Enforcement Rules.

(2) Respondent, David Louis Bargeron, was born on January 14, 1966, and was admitted to practice law in the Commonwealth on December 5, 1994. Respondent is on active status and his last registered address is 1903 W. Broad Street, Bethlehem PA, 18018-3209. Respondent is subject to the disciplinary jurisdiction of the Disciplinary Board of the Supreme Court.

SPECIFIC FACTUAL ALLEGATIONS ADMITTED

(3) Respondent's affidavit stating, inter alia, his consent to the recommended discipline is attached hereto as exhibit A.

(4) On November 2, 2000, Latif Hazim:

(a) Sustained personal injuries arising from an automobile accident in Allentown, PA.

(b) Was a passenger in an automobile operated by George Kassab.

(5) Mr. Hazim retained respondent to represent him in any cause of action arising from the November 2, 2000 automobile accident.

(6) Respondent advised Mr. Hazim his fee would be 25 percent of any sum recovered on Mr. Hazim's behalf.

(7) At the time of the automobile accident, Mr. Kassab was insured by Nationwide Insurance Company.

(8) Between March 2002 and May 2002, Mr. Hazim telephoned respondent's cell phone number on numerous occasions in an attempt to ascertain the status of his case.

(9) In September or October 2002:

(a) Respondent advised Mr. Hazim that he would call him in about two weeks to claim his settlement check.

(b) Mr. Hazim went to respondent's office at 446 West Linden Street and signed a release relating to his personal injury claim.

(10) In the fall of 2002, respondent entered into a settlement agreement with Nationwide regarding Mr. Hazim's claim against Mr. Kassab for a sum of $15,000.

(11) In accordance with the settlement, Nationwide forwarded to respondent's office check no. ******** in the amount of $15,000 payable to *Latif Hazim and the Law Office of David Bargeron, His Attorney.*

(12) On or about October 30, 2002, respondent deposited or caused to be deposited check no. ******** into respondent's bank account number ******* at Quakertown National Bank.

(13) After deducting fees and costs, respondent was required to hold, inviolate, $11,082.75 of Mr. Hazim's funds on behalf of Mr. Hazim.

(14) After respondent deposited Mr. Hazim's settlement check into respondent's bank account number

\*\*\*\*\*\*\* at Quakertown National Bank, that account reached a negative balance on January 13, 2003, and remained negative until closed by Quakertown National on February 27, 2003.

(15) Account number \*\*\*\*\*\*\* was not an IOLTA, trust or escrow account.

(16) The account into which respondent deposited Mr. Hazim's check was not identified by respondent on respondent's 2003-2004 or 2004-2005 Pennsylvania Attorney's Annual Fee Form as an account in which respondent held funds of clients or third parties subject to Pa.R.P.C. 1.15.

(17) On or about August 29, 2002, respondent submitted to Lawyer Assessment a 2002-2003 Pennsylvania Attorney's Annual Fee Form in which respondent:

(a) Falsely represented that he held funds of a client or third party on May 1, 2002 in PNC IOLTA account no. \*\*\*\*\*\*\*\*\*\*;

(b) Falsely certified that the information respondent provided was true and acknowledged that he was subject to discipline by the Supreme Court if any statements were false; and

(c) Signed and dated August 29, 2002.

(18) On or about December 15, 2003, respondent submitted to Lawyer Assessment a 2003-2004 Pennsylvania Attorney's Annual Fee Form in which respondent:

(a) Falsely represented that he held funds of a client or third party on May 1, 2003 or at any time after May 1, 2002 in PNC IOLTA account no. \*\*\*\*\*\*\*\*\*\*;

(b) Falsely certified that the information respondent provided was true and acknowledged that he was subject to discipline by the Supreme Court if any statements were false; and

(c) Signed and dated December 15, 2003.

(19) PNC IOLTA account no. ********** had been closed since August 31, 2001.

(20) By letter to Mr. Hazim dated March 31, 2003, respondent:

(a) Represented that respondent would forward a complete disbursement to him within 30 days; and

(b) Apologized for not responding more promptly to his telephone calls and messages.

(21) To date, respondent has not provided Mr. Hazim with an accounting of Mr. Hazim's settlement funds that respondent received from Nationwide on Mr. Hazim's behalf.

(22) To date, respondent has not provided Mr. Hazim with any portion of the settlement funds arising from Mr. Hazim's November 2, 2000 automobile accident.

(23) Responded converted, commingled, misappropriated, misapplied or otherwise misused $11,082.75 of funds belonging to Mr. Hazim.

## SPECIFIC RULES OF PROFESSIONAL CONDUCT AND RULES OF DISCIPLINARY ENFORCEMENT VIOLATED

(24) Respondent violated the following R.P.C.s and Pa.R.D.E.s:

(a) R.P.C. 1.4(a), which provides that a lawyer shall keep a client informed about the status of a matter and promptly comply with reasonable requests for information.

(b) R.P.C. 1.4(b), which provides that a lawyer shall explain a matter to the extent necessary to permit the client to make informed decisions regarding the representation.

(c) R.P.C. 1.5(c), which provides that upon conclusion of a contingent fee matter, the lawyer shall provide the client with a written statement stating the outcome of the matter and, if there is a recovery, showing the remittance to the client and the method of its determination.

(d) R.P.C. 1.15(a), which provides that a lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property.

(e) R.P.C. 1.15(b), which provides that upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive, and upon request by the client or third person, shall promptly render a full accounting regarding such property.

(f) R.P.C. 8.4(b), which provides that it is professional misconduct for a lawyer to commit a criminal act that

reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.

(g) R.P.C. 8.4(c), which provides that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

(h) Pa.R.D.E. 219(d)(iii), which provides that on or before July 1 of each year all persons required by this rule to pay an annual fee shall file with the Administrative Office a signed statement on the form prescribed by the Administrative Office in accordance with the following procedure: The name of each financial institution in this Commonwealth in which the attorney on May 1 of the current year, or at any time during the preceding 12 months, held funds of a client or a third person subject to Rule 1.15 of the Pennsylvania Rules of Professional Conduct. The statement shall include the name and account number for each account in which the lawyer holds such funds, and each IOLTA account shall be identified as such.

(i) via Pa.R.D.E. 203(b)(3), which provides that a wilful violation of any other provision of the Enforcement Rules, is grounds for discipline.

## SPECIFIC RECOMMENDATION FOR DISCIPLINE THREE-YEAR SUSPENSION

Precedent establishes that unauthorized dealings with client funds by an attorney require some form of public discipline, which will vary depending upon the aggravating or mitigating circumstances. *In re Anonymous No. 67 D.B. 92 (Harold E. Krauss),* 27 D.&C.4th 202, 210

(1994). The following factors warrant a three-year suspension:

(1) Respondent converted $11,082.75 of client funds;

(2) No restitution has been paid to client despite the fact that Mr. Hazim has pursued respondent through civil litigation;

(3) Respondent has a history of discipline of an informal admonition administered on July 23, 2003. Respondent violated R.P.C. 1.16(a)(1), 8.4(d) and Pa.R.D.E. 217(b) by failing to properly withdraw from representing a client while on inactive status; and

(4) Respondent admits his misconduct, has expressed remorse and is exhibiting cooperation in submitting this joint petition.

See *In re Anonymous No. 89 D.B. 2001 (Lawrence T. Foti),* 69 D.&C.4th 278 (2003) (conversion of $33,000 of client funds in which restitution was made after commencement of disciplinary proceedings and failure to promptly deliver settlement proceeds to another client mitigated by *Braun* depression, sincere remorse, and lack of prior discipline resulted in a three-year suspension); *In re Anonymous No. 132 D.B. 88 (Charles S. Morrow),* 7 D.&C.4th 331 (1990) (conversion of approximately $4,300 in client funds for 16 months prior to restitution being made mitigated by respondent's disciplinary history containing only an informal admonition in 33 years of practice, respondent's cooperation with ODC, and respondent's good reputation in the legal community and the public at large resulted in a two-year suspension); *In re*

*Anonymous No. 50 D.B. 87 (James C. Evans)*, 3 D.&C.4th 627 (1989) (deposit of a client's $15,000 check into a personal non-segregated account and converting those funds for office and personal expenses mitigated by an unblemished disciplinary record for 40 years, full restitution including 7 percent interest on the principal, cooperation with ODC, and remorse resulted in a two-year suspension).

Wherefore, joint petitioners respectfully pray that your honorable board:

(a) Approve this petition; and

(b) File a recommendation for a three-year suspension and this petition with the Supreme Court of Pennsylvania.

## VERIFICATION

The statements contained in the foregoing *Joint Petition In Support of Discipline on Consent Discipline* are true and correct to the best of my knowledge or information and belief and are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.

## CERTIFICATE OF SERVICE

I hereby certify that I am this day serving the foregoing document upon all parties of record in this proceeding in accordance with the requirements of 204 Pa. Code §89.22 (relating to service by a participant).

First Class and Overnight Mail, as follows:

David L. Bargeron, Esquire, (610) 972-6610, P.O. Box 34, Allentown, PA 18105-0034

AFFIDAVIT UNDER RULE 215(d) Pa.R.D.E.

Commonwealth of Pennsylvania

County of Lehigh

David Louis Bargeron, being duly sworn according to law, deposes and hereby submits this affidavit consenting to the recommendation of a three-year suspension from the practice of law in the Commonwealth of Pennsylvania in conformity with Pa.R.D.E. 215(d) and further states as follows:

(1) He is an attorney admitted in the Commonwealth of Pennsylvania, having been admitted to the bar on or about December 5, 1994.

(2) He desires to submit a joint petition in support of discipline on consent pursuant to Pa.R.D.E. 215(d).

(3) His consent is freely and voluntarily rendered; he is not being subjected to coercion or duress, and he is fully aware of the implications of submitting this affidavit.

(4) He is aware that there are presently pending investigations into allegations that he has been guilty of misconduct as set forth in the joint petition in support of discipline on consent of which this affidavit is attached hereto.

(5) He acknowledges that the material facts set forth in the joint petition are true.

(6) He submits the within affidavit because he knows that if charges predicated upon the matter under investi-

gation were filed, or continued to be prosecuted in the pending proceeding, he could not successfully defend against them.

(8) He acknowledges that he is fully aware of his right to consult and employ counsel to represent him in the instant proceeding. He has not retained, consulted and acted upon the advice of counsel in connection with his decision to execute the within joint petition.

It is understood that the statements made herein are subject to the penalties of 18 Pa.C.S. §4904 (relating to unsworn falsification to authorities).

Signed this 22 day of August, 2005.

/s/David Louis Bargeron

David Louis Bargeron

## ORDER

And now, October 24, 2005, upon consideration of the Recommendation of the three-member panel of the Disciplinary Board dated September 14, 2005, the joint petition in support of discipline on consent is hereby granted pursuant to Rule 215(g), Pa.R.D.E., and it is ordered that David Louis Bargeron is suspended on consent from the bar of this Commonwealth for a period of three years, and he shall comply with all the provisions of Rule 217, Pa.R.D.E.

It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.